**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karissa Mayes,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Credit Solutions Corporation, et al.,<br><br>　　　　Defendants. | No. CV10-8104 PCT-DGC<br><br>**ORDER** |

After timely filing the status report (Doc. 13) required by this Court's November 1, 2010 order (Doc. 8) and obtaining the Clerk's entry of default as to each Defendant (Docs. 10, 14), Plaintiff moves for default judgment against each Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA") (Doc. 15).

A court may grant default judgment against a party if default has been entered. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In doing so, the court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the possibility of a dispute concerning material facts; (3) whether default was due to excusable neglect; (4) the policy favoring a decision on the merits; (5) the merits of the claim; (6) the sufficiency of the complaint; and (7) the amount of money at stake. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

In light of the executed summons documents (Docs. 7, 11), the Court finds that each

1 Defendant has been properly served as required by Federal Rule of Civil Procedure 4.
2 Neither Defendant has made an appearance in this case, and the allegations are undefended.
3 The Court further finds that the *Eitel* factors weigh in favor of granting default judgment for
4 Plaintiff. Without a judgment, Plaintiff is left with no remedy for defendant debt collectors'
5 conduct. The material facts required to establish violations of the FDCPA have been
6 sufficiently pled against each defendant debt collector. Although personal service was made
7 on Defendant Krauss on August 25, 2010, and substituted service was made on Defendant
8 Credit Solutions Corporation on October 19, 2010, neither defendant has appeared to defend
9 this suit after more than six months and four months, respectively. The Court therefore
10 concludes that Defendants' default is not due to excusable neglect. Moreover, the complaint
11 alleges repeated violations of the FDCPA by Defendants, and their absence from this case
12 precludes a decision on the merits. Accordingly, the Court will take all factual allegations
13 in Plaintiff's complaint, except those relating to the amount of damages, as true. The Court
14 further finds that it has federal-question jurisdiction under 28 U.S.C. § 1331, that venue is
15 proper in this Court because a substantial part of the events giving rise to this claim occurred
16 in this judicial district, and that it has personal jurisdiction over Defendants because their
17 conduct caused harm in this district and they had or should have had an expectation to be
18 haled into court in this district. In sum, the Court finds each defendant liable for the conduct
19 alleged.

20 Having determined liability, the remaining issue is appropriate relief. In a default
21 judgment action, the amount of damages will not automatically be assumed true. *See*
22 *Geddes*, 559 F.2d at 560 (stating that "the factual allegations of the complaint, except those
23 relating to the amount of damages, will be taken as true"). Plaintiff must "'prove up' the
24 amount of damages it is claiming." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-
25 03594 JSW, 2007 WL 1545173, at *13 (N.D. Cal. May 29, 2007); *see PepsiCo, Inc. v. Cal.*
26 *Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) ("[T]he plaintiff is required to
27 provide proof of all damages sought in the complaint."); *see also* Fed. R. Civ. P. 8(d), 55(b).
28 Here, Plaintiff requests actual and statutory damages, as well as costs and attorney

fees. Doc. 17. The costs and attorney fees are well-documented (Docs. 15-4, 15-5, 15-6), the Court finds the evidence satisfactory and the fees to be reasonable, and will grant the award of costs and attorney fees as requested, 15 U.S.C.A. § 1692k(a)(3). Plaintiff is hereby awarded $480.00 for costs and $3,012.50 in reasonable attorney fees, for a total of $3,492.50.

As to statutory damages, the FDCPA permits a statutory award of up to $1,000 against each liable debt collector. § 1692k(a)(2)(A). The individual, Michael, who acted on behalf of each Defendant made three calls to Plaintiff, threatened Plaintiff with immediate garnishment in 24 hours, used abusive and demeaning language toward Plaintiff, and called Plaintiff's place of employment.[1] Doc. 15-3. Based on this evidence, the Court finds that Michael's conduct was intentional. In light of the above findings, the Court awards statutory damages against each Defendant in the amount of $1,000.00, for a total of $2,000.00.

As to actual damages, Plaintiff requests $10,000.00 for emotional distress. Doc. 15-1 at 3. Plaintiff's affidavit asserts that she "spent several days and nights without sleeping or eating," and that she "became depressed and withdrawn worrying about what would happen to [her] and to [her] family if [she] was sued or had [her] wages garnished." Doc. 15-3. Plaintiff's statements are conclusory and have not "proven up" actual damages. *See In re Dawson*, 390 F.3d 1139, 1149-50 (9th Cir. 2004) (noting, in the context of a different cause of action, that "[a]n individual may establish emotional distress damages clearly in several different ways," including medical evidence, "[n]on-experts, such as family members, friends, or coworkers," or a personal affidavit from which it is "readily apparent even without corroborative evidence" that the individual suffered "significant emotional harm"). Plaintiff has not sought professional assistance from a medical professional, does not assert that the distress caused her to miss work, admits that she just hung up after Michael screamed at her during the first call, admits that the second call was a voicemail, and provides no

---

[1] On January 5, 2010, Michael presented himself as representing Defendant Credit Solutions Corporation. *See* Doc. 15-3 ¶ 1. On January 27, 2010, Michael presented himself as representing Defendant Krauss. *Id.* ¶ 3. Neither Defendant appeared to dispute that Michael represented each of them independently.

- 3 -

corroborating evidence of the effects of the distress from family members or co-workers. In light of the foregoing, the Court finds that the statutory damages assessed above are sufficient to make Plaintiff whole and will deny the request for actual damages.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 15) is **granted** as stated above.
2. Plaintiff is awarded one thousand U.S. dollars ($1,000.00) in statutory damages against each Defendant severally, plus interest at ten percent (10%) per annum until the principal has been fully paid.
3. Plaintiff is awarded three thousand four hundred ninety-two U.S. dollars and fifty cents ($3,492.50) in costs and attorney fees against Defendants jointly and severally, plus interest at ten percent (10%) per annum until the principal has been fully paid.
4. The Clerk shall enter judgment against Defendants as stated above and terminate this case.

DATED this 9th day of March, 2011.

_David G. Campbell_
David G. Campbell
United States District Judge

- 4 -